IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-50,967-06




EX PARTE DAVID ALEXANDER BAILEY, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 7877 IN THE 27TH DISTRICT COURT
FROM LAMPASAS COUNTY



           Per curiam.

O R D E R

           Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. 
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
possession with intent to deliver a controlled substance and sentenced to thirty-five years’
imprisonment. The Third Court of Appeals affirmed his conviction. Bailey v. State, No. 03-07-00417-CR (Tex. App.–Austin, October 27, 2009). 
           Applicant contends that his appellate counsel rendered ineffective assistance because
counsel failed to file a motion to extend time to file a petition for discretionary review. He
alleges that he received a letter from counsel stating that counsel would file such a motion
and because counsel failed to do so, he was unable to file his pro se petition for discretionary
review with this Court.
           Applicant has alleged facts that, if true, might entitle him to relief. Strickland v.
Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App.
2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall obtain a response from appellate counsel
regarding Applicant’s claim of ineffective assistance of counsel on appeal. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). 
           If the trial court elects to hold a hearing, it shall determine whether Applicant is
indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall
appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
           The trial court shall make findings of fact as to whether Applicant’s appellate counsel
filed a motion for extension of time for Applicant to file his pro se petition for discretionary
review. The trial court shall make findings of fact as to whether Applicant relied on
counsel’s representation that he would file a motion of extension of time and therefore
missed his deadline to file his pro se petition. The trial court shall also make any other
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant’s claim for habeas corpus relief.
           This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter’s notes from any hearing or deposition, along with the trial court’s
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 
Filed: January 26, 2011
Do not publish